### SMITH MUCKLAR v. GEORGE D. CROSS.

A bond made in 1865, when the legal rate of interest was six per cent., conditioned for the payment of the principal sum, in five years after date, with lawful interest for the same, payable annually, at such rate as then was, or thereafter might be fixed upon as the legal rate of interest in this state, by the legislature thereof, will, after the passage of the act of March 15th, 1866, increasing the legal rate of interest to seven per cent., carry interest at such increased rate, though that act in terms only applies to contracts made after its passage—the increased rate of interest being payable, not by virtue of the statute, but by force of the agreement of the parties.

On demurrer to the declaration.

The plaintiff's declaration is founded on a bond made by the defendant, in the penal sum of five thousand dollars, bearing date on the eleventh day of April, 1865, conditioned for the payment of two thousand five hundred dollars in five years after date, with lawful interest for the same from the date thereof, payable annually, at such rates as then was, or thereafter might be fixed upon as the legal rate of interest in this state, by the legislature thereof, and with the further condition, that should any default be made in the payment of the said interest, or any part thereof, on the day when it is made payable, as in the aforesaid condition expressed, and should the same remain unpaid and in arrear for the space of thirty days, the aforesaid principal sum of two thousand five hundred dollars, with all arrearages of in-

terest, should, thereupon, at the option of the obligee, become due and payable immediately thereafter, although the time limited in the condition for the payment thereof, might not then have expired.

Argued at November Term, 1867, before BEASLEY, C. J., and Justices VREDENBURGH, WOODHULL, and DEPUE.

For the plaintiff, *J. Vanatta.*

For the defendant, *S. B. Ransom.*

The opinion of the court was delivered by

DEPUE, J.   At the time of the making of this bond, the legal interest was fixed by statute at the rate of six per cent. per annum, and all contracts on which a higher rate of interest was reserved were declared to be void.   By a subsequent act, passed on the fifteenth of March, 1866, it was enacted that upon all contracts thereafter made for the loan of, or the forbearance or giving day of payment for, any money, &c., it should be lawful to take the value of seven dollars for the forbearance of one hundred dollars for a year, and after that rate for a greater or less sum, or for a longer or shorter period, and that when interest is allowable by law, the legal rate should be seven per centum.

By the demurrer, the question is raised as to the rate of interest the plaintiff is entitled to receive on his bond, after the passage of the act of March 15th, 1866.

The contract was not an usurious contract under the act concerning usury, which was in force when the bond was made.   It did not expressly reserve a rate of interest beyond what was then allowable, nor was it a device to evade the statute.   Nor is there anything illegal in a contract to vary the rate of interest, or make it fluctuate with the fluctuations of standards that the parties may agree upon.

The question, then, is simply one of construction.   It is manifest from the terms of the condition of the bond, that

Mucklar v. Cross.

the parties contracted with the idea that a change might be made in the rate of interest allowed by law, and with the intention to have their rights affected by such change, if any should be made, and they have used appropriate language to give effect to such intention. But it is said that the act of 1866 only applies to contracts made after its passage. That is undoubtedly true. But the increased interest is not payable by virtue of the statute, but by force of the agreement of the parties.

The agreement of the parties, taken in connection with the act of March 15th, 1866, is, in effect, that the plaintiff should be entitled to interest on his money, after that date, at the rate of seven per cent. That agreement is not contrary to any positive statutory prohibition, or against public policy; and the plaintiff, after the act of 1866 went into effect, is entitled to interest at the rate of seven per centum. The demurrer must be overruled.

This result is only reached because of the express agreement of the parties, that interest should be payable in accordance with the fluctuations in the rate of legal interest. Obviously, a different result would have been arrived at, if the stipulation had been for interest payable according to law, or for lawful interest. In that case the agreement would have been, that the interest should be such as was lawful when the contract was made. And it would have been unaffected by the act of 1866.

Demurrer overruled.

BEASLEY, C. J., and Justices VREDENBURGH and WOOD-HULL concurred.